# Dougherty *versus* Hunter.

1. If the president of a company be in the habit of acting as its business agent with its knowledge and without objection, making sales, settling accounts and collecting debts, actual authority may be inferred from such acts and the company would be bound by them.

2. A debtor gave a note for the amount of his indebtedness to a corporation payable to the president "or order" by his individual name, without official designation, in "full satisfaction" of the debt, and the proceeds of the note

[Dougherty *v.* Hunter.]

went to the credit of the company: *Held*, if the president was the agent of the corporation this extinguished the debt.

3. Ordinarily a note or due-bill will not extinguish such a claim *ipso facto*, but if the parties intend differently and so express themselves, the law will not interfere to prevent it.

4. The corporation could not set aside the settlement after availing itself of the satisfaction: the rights of attaching creditors can rise no higher, and they cannot.

February 26th 1867. Before WOODWARD, C. J., THOMPSON, STRONG, READ and AGNEW, JJ.

Error to the District Court of *Philadelphia.*

This was a scire facias in a foreign attachment, in which Mark Hunter and John A. Chowne were plaintiffs and The Albert Freestone Company defendants and Philip Dougherty was garnishee. The foreign attachment was issued June 21st 1861, and judgment was obtained against the defendants. On the 10th of May 1862 the scire facias was issued against the garnishee, who pleaded "*nulla bona.*"

The defendants were a corporation of New York, engaged in quarrying and selling stone.

A. H. Bean was the president of the company, and there was evidence that he acted as their agent in the sale of stone and in receiving collections for them. The garnishee had bought stone from them. His bill, rendered May 28th 1861, showed a balance due him amounting to $753.61. At the foot of the bill, at that date, he wrote:—

"The above bill I believe to be correct, and will pay the amount as soon as possible.

"P. DOUGHERTY."

Bean, the president, testified:—

"I made returns to the secretary and treasurer of the company, Mr. Dinsmore. I closed the transaction with Philip Dougherty June 11th 1861. I gave him a receipt in full; he gave me this due-bill or note:—

"Due A. H. Bean, or order, seven hundred fifty-three and $\frac{61}{100}$ dollars for value received.

"Philadelphia, June 11th 1861.

"$753$\frac{61}{100}$                    PHILIP DOUGHERTY.

"(Endorsed) A. H. BEAN."

"I transferred the note to Colton W. Bean; I passed it to Colton W. Bean for money paid by him the day following; the sale of the note was for the benefit of the company. The proceeds of the note went to the credit of the company."

The court charged:—

"This is a question of law; there is no dispute as to the facts. On June 11th 1861, Philip Dougherty might have paid Aaron H.

[Dougherty *v.* Hunter.]

Bean the money in settlement of this account, but he had no right to give him a note payable to A. H. Bean or order. It ought to have been given so that it could be traced. It seems to me that by giving this note there was no change effected in the account between Philip Dougherty and the Albert Freestone Company, and therefore your verdict must be for the plaintiffs for the amount claimed."

The verdict was for the plaintiffs for $775.96.

The charge of the court was the error assigned.

*E. H. Hanson,* for plaintiffs in error, cited Grafius *v.* The Land Co., 3 Phila. R. 447; Bank of U. S. *v.* Dandridge, 12 Wheat. 89; Allegheny City *v.* McClurken, 2 Harris 81; Sterling *v.* Marietta and S. Trading Co., 11 S. & R. 179; Farmers' Bank *v.* McKee, 2 Barr 318; Del. and Huds. Canal Co. *v.* Penna. Coal Co., 9 Harris 131.

*P. McCall,* for defendants in error, cited Angell & Ames on Corp. 302; Penna. Co. *v.* Dandridge, 8 Gill & J. 218.

The opinion of the court was delivered, March 21st 1867, by

THOMPSON, J.—If Bean, the president of the "Albert Freestone Company," was in the habit of acting as a business agent for the company with its knowledge and without objection, making sales, settling accounts and collecting debts, actual authority might be inferred from such acts and the company would be bound by them: 12 Wheat. 64; 11 S. & R. 179; and 2 Harris 81. The primary question on the trial of this cause in the court below, we think was whether the president did act as business agent of the company, and while so acting did settle the company's account against the defendant and take from him his negotiable due-bill in "full satisfaction" of the balance ascertained to be due the company, and gave him a receipt to that effect. He swears he did and is uncontradicted, and moreover, that shortly thereafter he negotiated the due-bill for cash, and that the proceeds went to the credit of the company. If these facts are true, was there not an extinguishment and satisfaction of the account? This was not only the tenor of the receipt, but how is it possible that anything else could have been intended? If the agent (assuming the agency established), negotiated the bill and applied the proceeds to the credit of the company, it must have been intended to be satisfaction by the company when it thus disposed of its paper for value. Ordinarily it is true that a note or due-bill will not extinguish such a claim *ipso facto,* but if the parties intend differently and so express themselves, the law will not interfere to prevent it. If the agency and satisfaction of the account be shown and the company be satisfied with it, and it has shown no dissent and no fraud

or collusion be shown between it and Dougherty, I see not how creditors can set aside the settlement and satisfaction. Certainly the company could not after availing itself of the satisfaction accepted by its agent and received by itself. The rights of creditors rise no higher than theirs, and consequently they cannot. We think the case should have gone to the jury on the evidence of the settlement and satisfaction of the account by the alleged agent of the company, and not on the point of law on which it was put below. For these reasons the judgment must be reversed.

Judgment reversed, and *venire de novo* awarded.