John Mengel, Appellant, v. The Connecticut Fire Insurance Company of Hartford, Connecticut, Garnishee.

*Attachment execution—Creditor has no standing superior to defendant—Res judicata.*

An attaching creditor can acquire no claim against the garnishee superior to that which the debtor had.

An attaching creditor has no standing as claiming money as due from the garnishee to the defendant on a claim which was disputed and litigated and determined in favor of the defendant.

Argued May 7, 1897. Appeal, No. 178, April Term, 1897, by plaintiff, from judgment of C. P. No. 3, Allegheny County, November T., 1894, No. 486, on verdict for defendant. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Attachment sur judgment. Before McCLUNG, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in sustaining defendant's objection to plaintiff's offer to prove by Wm. B. Swager certain facts which are set out in the opinion of the court.

*Chas. W. Dahlinger,* for appellant, cited Drake on Attachment, sec. 672, p. 603; Waples on Attachment and Garnishment, sec. 16, p. 520; 2 Black on Judgments, sec. 593, p. 709; 1 Freeman on Judgments, sec. 167, p. 308; Webster v. Adams, 58 Me. 317.

No one will dispute the rule that judgments in general are conclusive only between parties and privies: Peterson v. Lothrop, 34 Pa. 223.

A vendee stands in privity to his vendor only in respect to acts suffered or done before the title was conveyed: Com. v. Dieffenbach, 3 Grant, 375. See also Ruff v. Ruff, 85 Pa. 333.

It has been held, and never overruled, so far as appellant's counsel knows, that if the attachment be served on the garnishee before suit brought on the claim attached, the garnishee is bound to plead in abatement, but if afterward, he may plead it spe-

cially in bar : Irvine v. Bank, 2 W. & S. 190 ; Maynard v. Nekervis, 9 Pa. 81 ; Hunter's Appeal, 72 Pa. 343.

*A. B. Reid,* with him *A. V. D. Watterson,* for appellee, relied on Brown v. Scott, 51 Pa. 362.

The true measure of the duty of a garnishee, if that is what the counsel means to assert here, is that " in good faith he shall see that the money is recovered against him in due course of law : " Anderson v. Young's Executors, 21 Pa. 443.

An attaching creditor can acquire no claim against the garnishee superior to that which the debtor had : Riddle v. Etting, 32 Pa. 412 ; Dougherty v. Hunter, 54 Pa. 380.

The garnishee may plead anything against the attaching creditor that he might plead against his original creditors : Bank v. Little, 8 W. & S. 207.

Service of an attachment execution places the attaching creditor in the shoes of the original defendant : Roig v. Tim, 103 Pa. 115 ; Reed v. Penrose, 36 Pa. 214 ; Baldwin's Est., 4 Pa. 248.

Upon the general principle of the conclusiveness of judgments, who are or are not parties, either directly or in interest, we cite : Greenleaf on Evidence, sec. 535 ; Strayer v. Johnson, 110 Pa. 21 ; Fell v. Bennett, 110 Pa. 181. The case to which we refer and which controls this case is Corson et al. v. McAfee, 44 Pa. 288.

OPINION BY REEDER, J., July 23, 1897 :

The method in which this case was heard and determined in the court below was an unusual one, yet perfectly proper and we see in it nothing to criticize. All the facts were embodied in an offer on the part of the plaintiff and an objection on the part of the defendant, which was agreed upon by both parties to the issue as a fair, exact and correct statement of all the facts in the case. It was, therefore, considered by the court below and will have to be considered here, as in the nature of a case stated.

William B. Swager was the owner of a property insured by the defendant company which was destroyed by fire. He brought his suit in the county of Allegheny for the purpose of recovering the amount of the policy. Upon the trial of that

issue it was determined that there was no money due and owing from the defendant company to Swager. The plaintiff who was a creditor of Swager's then issued an attachment execution upon a judgment he held against Swager against the defendant as garnishee, to which the defendant entered a plea of nulla bona upon which this issue was framed. The defendant's defense was that by the previous trial it was determined that nothing was due from it to Swager, and therefore they. could not be compelled to pay anything alleged to be due from them to Swager in this issue, there being no allegation of fraud or collusion in obtaining the verdict upon the former trial. The court below upon this state of facts, directed a verdict, and it is this direction which is assigned for error.

The action of the court below is clearly in accord with the law of Pennsylvania. While the plaintiff's position seems to be sustained by the case of Webster v. Adams, 58 Maine, 317, that is the only decision in favor of that doctrine to be found anywhere in the books, and it certainly is not now, and never was, the law of this state. The doctrine that the attaching creditor can acquire no claim against the garnishee superior to that which the debtor had, is decided over and over again in this state : Riddle v. Etting, 32 Pa. 412; Dougherty v. Hunter, 54 Pa. 380 ; Roig v. Tim, 103 Pa. 115 ; Reed v. Penrose, 36 Pa. 214.

In the latter case Justice STRONG says : " It may be premised that the effect of an attachment execution served wherever it lies is to place the attaching creditor in the same relation to the garnishee as that occupied by the debtor before the attachment was laid."

This is the logic of all the decisions upon that question in this state. If it were not true, a plaintiff claiming money due from another, which claim was disputed and litigated and determined in favor of the defendant, the defendant could be sued as garnishee by any one or all successively of a hundred creditors of the plaintiff upon attachment executions, and each one have the same question tried and determined by a different jury. This would be manifestly a great hardship, and contrary to the policy of the law. The very question which is at issue here was the precise question that was at issue in the trial between Swager and the defendant company—namely, whether there was

any money due upon this policy of insurance from the defendant company to Swager. That question was determined in that issue, and is not only conclusive upon Swager, but also upon his creditors.

Take the converse of this proposition : If the plaintiff has the right to determine this same question over again in this attachment execution, suppose a judgment had been obtained by Swager against the insurance company in the prior action, and the payment of the judgment had been withheld, could the defendant company upon this attachment execution have the question determined in this issue again whether or not there was any money due from them to Swager ? And yet, if the plaintiff's position is correct, and they would have the right to have the question determined over again in this issue, if the prior decision had been against the defendant company why would they not have the same right to have the question determined anew ? Yet there are a multitude of decisions in this state which decide that a judgment against a defendant between the principal and the ·defendant is conclusive in the trial of attachment execution proceedings. See Palmer v. Gilmore, 148 Pa. 48, and cases there cited.

The cases decided by our Supreme Court cited by the appellant are clearly distinguishable from this case. Those decisions are simply to the effect that a decision in favor of a garnishee in a.suit by one attaching creditor does not bar the right of recovery of another attaching creditor. The reason for this is apparent, and those cases do not help us in the determining of the question that arises here. The appellant seeks to take advantage of the fact that the record of the former suit was not introduced in evidence. His admission at the time of the trial that there had been such a trial, that it had been determined in favor of the defendant, must be taken as verity. We are, therefore, bound to assume without the offer in evidence of such a record that there was such a record, that there was such a trial, that there was such a judgment, and, in the absence of any allegation to the contrary, that it was obtained without fraud or collusion. We have no right to go to that record for the purpose of ascertaining what was in the record, but we are simply to accept and consider the facts as admitted by both the plaintiff and defendant upon the trial.

Judgment affirmed.