## Culver to use v. Pocono Spring Water Ice Company, Appellant.

206    481
d 30 SC 3406

*Mechanic's lien—Agreement not to file lien—Consideration.*

An agreement by a subcontractor not to file a mechanic's lien is a sufficient consideration to support a promise on the part of the owner to pay the amount of the subcontractor's claim.

*Corporation—Agent—Evidence.*

Where a person has been in the habit of acting as the business agent of a corporation with its knowledge and without objection, actual authority may be inferred from his acts, and the company will be bound by them.

A corporation will be bound by an agreement relating to a building operation made by a person assuming to be its agent, where the evidence shows that such person was a large stockholder and director of the corporation, a member of its executive committee, its secretary and treasurer, and the person named in the building contract as the representative of the

company to whom reports were to be made by the building inspector, and to whom was given authority to approve or disapprove these reports, and who was apparently the general representative of the corporation.

Argued March 9, 1903. Appeal, No. 182, Jan. T., 1902, by defendant, from judgment of C. P. Monroe Co., Dec. T., 1899, No. 24, on verdict for plaintiff in case of M. B. Culver to use of Conrad Lee v. Pocono Spring Water Ice Company. Before MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before FERRIS, J., of the eleventh judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1,834.24. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Aaron Goldsmith*, with him *A. R. Brittain*, for appellant.

*Charles B. Staples*, with him *John McGahren*, for appellee.

OPINION BY MR. JUSTICE BROWN, July 9, 1903:

On October 19, 1898, M. B. Culver entered into a written contract with the Pocono Spring Water Ice Company for the erection of a boarding house for its employees. The building was to be completed in all its parts and ready for use and occupation by December 15, 1898, and, if not completed by that time, there was a stipulation that the sum of $25.00 per day for the delay should be retained out of the money due as liquidated damages to the ice company, " and not by way of penalty." The boarding house was not completed in accordance with the contract until the following February. Lee, the use plaintiff, furnished the lumber to Culver for the erection of the building. The contract provided that neither the contractor nor any subcontractor should file a mechanic's lien. On January 24, 1899, Culver owed Lee $1,539.44 for the lumber that went into the building. Lee brought suit against the appellant for the recovery of this sum, on the ground that the

Ice Company had agreed to pay it to him, and, because it had so agreed to pay him, he did not file a mechanic's lien. Though there are twenty-two assignments of error, there are really but two questions involved in the case, and they are both of fact.

In submitting the case to the jury, the learned trial judge said that the alleged settlement made with Culver was the turning point in the case. This is all that is involved in the case, but it includes, at the same time, the question of the authority of Miller, who was acting for the company, to make the settlement upon which the appellee relies.

Culver testified that he had a settlement with Miller sometime after the completion of the building, and that, after the company had agreed to pay the claim of Isaac Stauffer and the sum due the appellee for the lumber furnished, there still remained in its hands between $700 and $800 due to him. He states distinctly that the company agreed to pay the amount due to Lee, and in this he is corroborated by both Lee and the latter's son. At the time the company agreed to pay Lee, the time had not expired within which he might have filed his mechanic's lien; and he did not do so for the reason, as given by his son, George Lee, that " the Ice Company assumed our indebtedness, accepted the order given by Mr. Culver." To this the Ice Company replies that there was a stipulation in its contract with Culver that no mechanic's lien should be filed, either by a contractor or subcontractor; but there was testimony, that, before this agreement not to file a lien was signed, Culver had actually commenced work on the building, and, if so, that clause in the contract was not, under the act of assembly, binding upon him or any subcontractor furnishing material or labor. If Lee refrained from filing a lien in consequence of the company's promise to pay his claim, there was a sufficient consideration to support its promise to do so. Upon this point the court properly said : " The refraining by Mr. Lee from the filing of a mechanic's lien, and the consequent relief of the property of the company from a record lien against it, would be a benefit which the company had by reason of this settlement."

But the appellant insists that, even assuming Miller made the agreement testified to by Culver and Lee, he had no authority to do so. The question of his general authority to rep-

resent the company was submitted as a question of fact to the jury by the court after calling their attention to the testimony that he was a large stockholder and director of the company, a member of the executive committee, secretary and treasurer of the corporation, the person named in the building contract as the representative of the company, to whom reports were to be made by the building inspector, and to whom was given authority to approve or disapprove these reports, and that he apparently was the general representative of the corporation. Answer is made to this that his authority to settle with Culver was in writing and limited, and required him to exact in the settlement $25.00 per diem as damages for the delay in the completion of the building. The court properly charged the jury that his authority was limited by the resolution of February 11, 1899, but, inasmuch as there was no testimony that he had ever seen it, or had any knowledge of it, both he and Lee were fully justified in believing that he had general authority to act and make settlement for the company. In this the trial judge was manifestly correct, for if, as the testimony abundantly shows, Miller had been in the habit of acting as the business agent of the company, with its knowledge and without objection, actual authority might be inferred from his acts, and the company would be bound by them: Dougherty v. Hunter, 54 Pa. 380.

Whether the court properly interpreted the clause in the contract, providing for the payment of $25.00 per day for each day's delay in completing the building, to be a penalty that the company could not enforce, and that it is limited to the actual damages sustained by the delay, we need not determine, because the jury, by their verdict, have found that there was an agreement on its part to pay Lee the amount of his bill, and, under that finding, as against him, at least, it cannot assert any claim for damages or ask that any sum be deducted either as a penalty or as liquidated damages. No other questions fairly arise under the assignments of error. All are overruled and the judgment on the verdict is affirmed.