# Cox & Sons Co. *v.* Northampton Brewing Company, Appellant.

*Negotiable instruments—Accommodation endorsers — Corporations—Ultra vires acts—Bona fide holders—Presumption of validity—Liability of corporations—Act May 16, 1901, P. L. 194.*

1. A corporation having the general power to issue negotiable paper and to endorse the same for its own benefit in the course of its business, will be liable on its accommodation endorsement when the paper passes into the hands of a bona fide holder for value before maturity, without notice of the character of the endorsement.

2. Section 56 of the Negotiable Instruments Act of May 16, 1901, P. L. 194, providing that "to constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith"; applies to all classes of persons, artificial as well as natural.

3. A corporation having either an express or implied power to issue negotiable paper is presumed to act within the scope of such power, and hence there is a presumption in favor of the validity of negotiable paper issued pursuant to such power.

Argued March 10, 1914. Appeal, No. 52, Jan. T., 1914, by defendant, from judgment of C. P. Northampton Co., July T., 1913, Nos. 8 and 9, on verdict for plaintiff in case of The Cox & Sons Company v. The Northampton Brewing Company. Before FELL, C. J., BROWN, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit on promissory notes. Before STEWART, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,646.92, and judgment thereon. Defendant appealed.

*Errors assigned* were various rulings on evidence and various instructions to the jury.

*Calvin F. Smith,* of *Smith, Paff & Laub,* with him *E. C. Nagle,* for appellant.—It is ultra vires for a corporation to become an accommodation endorser and such endorsement is void: Culver v. Reno Real Estate Co., 91 Pa. 367; Park Hotel Co. v. Fourth Nat'l Bank of St. Louis, 86 Fed. Repr. 742; National Bank of Commerce v. Atkinson, 55 Fed. Rep. 465; The Bank of Genesee v. The Patchin Bank, 13 N. Y. 309; Farmers' and Mechanics' Bank v. Butchers' and Drovers' Bank, 16 N. Y. 125; Morford v. the Farmers' Bank of Saratoga Co., 26 Barb. (N. Y.) 568; The Central Bank v. The Empire Stone Dressing Co., 26 Barb. (N. Y.) 23; The Bridgeport City Bank v. The Empire Stone Dressing Co., 30 Barb. (N. Y.) 421; The Farmers' and Mechanics' Bank v. The Empire Stone Dressing Co., 5 Bosw. (N. Y.) 275; Monument National Bank v. Globe Works, 101 Mass. 57; Davis v. Old Colony Railroad Co., 131 Mass. 258; The National Park Bank v. G. A. M. W. and S. Co., 116 N. Y. 281; Ætna National Bank v. Charter Oak Life Insurance Co., 50 Conn. 167; Hall v. Auburn Turnpike Co., 27 Cal. 256; Culver v. Reno Real Estate Co., 91 Pa. 367.

*Robert A. Stotz,* with him *William H. Schneller,* for appellee.—In the hands of a bona fide purchaser for value accommodation paper duly executed by the officers of a corporation can be enforced against the corporation: Bank of Genesee v. Patchin, 13 N. Y. 309; Mechanics' Banking Assn. v. New York, Etc., Co., 35 N. Y. 505; Bridgeport City Bank v. Empire Stone Dressing Co., 30 Barb. (N. Y.) 421; Madison & Indianapolis Ry. Co. v. Norwich Savings Soc., 24 Ind. 457; The National Bank of Republic, of New York, v. Young, 41 N. J. Eq. 531, (7 Atl. Rep. 488); Marshall National Bank v. O'Neal, 34 S. W. Rep. 344; Bird v. Daggett, 97 Mass. 494; Blake v. Domestic Sewing Machine Company, 64 N. J. Eq. 480.

OPINION BY MR. JUSTICE ELKIN, May 22, 1914:

The defense mainly relied on by the appellant corporation is that it was an accommodation endorser on the promissory notes in suit, and that as to a corporation such endorsements are ultra vires acts, and therefore void. It is established as a fact that the plaintiff became the holder of the notes sued on in due course for value before maturity without notice of any infirmity. At the trial plaintiff contended that the notes were endorsed by defendant for its own benefit in the usual course of business and that it was not in any proper legal sense an accommodation endorser. The learned trial judge refused to submit this question to the jury on the evidence, and the contention of plaintiff having prevailed on other grounds, there was no occasion to assign this ruling for error. We will not discuss it now further than to say that there are doubts in our minds upon this question, and we are not convinced that it should have been withdrawn from the consideration of the jury.

The case was submitted to the jury on the theory that the defendant was liable if the plaintiff became the bona fide holder of the notes for value before maturity without notice of any infirmity, even if it subsequently developed that the endorsements were made for accommodation purposes. There is no pretense in the present case that plaintiff had actual knowledge of any infirmity in the notes, and there is no evidence of bad faith in taking the notes. Section 56 of our Negotiable Instruments Act of May 16, 1901, P. L. 194, provides: "To constitute notice of an infirmity in the instrument or defect in the title of the person negotiating the same, the person to whom it is negotiated must have had actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith." This law applies to all classes of persons, artificial as well as natural, and must be so regarded. It is argued, however, that the mere fact of the notes hav-

ing been endorsed by a corporation is sufficient to charge
the holder with notice of the irregular endorsement, and
to show that failure to make inquiry as to the character
of the endorsement amounted to bad faith.  With this
proposition we do not agree.  A corporation having
either an express or implied power to issue negotiable
paper is presumed to act within the scope of its power;
and hence there is a presumption in favor of the validity
of negotiable paper issued pursuant to such power:
Eaton and Gilbert on Commercial Paper, page 136.  It
is not denied, indeed it could not be, that appellant has
the power to issue negotiable paper, and hence could
accept the notes in suit in the course of its busi-
ness and endorse the same for its own benefit.  There-
fore, there was nothing on the face of the notes, or
in the endorsements, to put a third party on notice that
the endorsements were irregular, or that the notes had
not been negotiated in the usual course of business by
appellant and for its benefit.  In many jurisdictions it
has been held that a corporation is bound even as an ac-
commodation endorser on negotiable paper when in the
hands of a third party who took it in good faith, for
value, before maturity, without notice of any infirmity:
Marshall National Bank v. O'Neal, 34 S. W. Repr. 344;
Bird v. Daggett, 97 Mass. 494;  Blake v. Domestic S.
Mach. Co., 64 N. J. Eq. 480.  Indeed, it has been so held
in most jurisdictions where the question has been raised.
This does not mean that a corporation has the power to
make or endorse accommodation paper, but it does mean
as hereinbefore indicated that a corporation having the
general power to issue negotiable paper, and to endorse
the same in the course of its business for its own benefit,
will be liable on its endorsement when the paper passes
into the hands of a bona fide holder for value, before
maturity without notice of the character of the endorse-
ment, even if it turns out to be an endorsement for ac-
commodation purposes.  The precise point may not have
been fully discussed and finally determined in our Penn-

sylvania cases, but whatever doubt may have existed on the question is resolved in favor of the rule above stated. The following cases are in line with this conclusion and may be cited in answer to several contentions pressed on us by learned counsel for appellant: Culver v. Ice Company, 206 Pa. 481; First National Bank v. Colonial Hotel Company, 226 Pa. 292; Chestnut St. Trust & Sav. Fd. Co. v. Record Publishing Company, 227 Pa. 235; First National Bank of Bangor v. Slate Company, 229 Pa. 27.

With the main question decided adversely to the contention of appellant, the remaining assignments of error are without substantial merit and need not be discussed. Our conclusion is that the case was properly submitted to the jury whose province it was to determine all the questions of fact upon which the right to recover depended.

Judgment affirmed.