## Perkosky v. Keystone Facing Mills Company.

*Corporations—Power of officers to compromise claims—Customary usage— Implied powers—Power of court to enter judgment n. o. v.*

1. Where the officers of a corporation have been in the habit of acting as its business agents with the knowledge of the board of directors and without objection from them, actual authority may be inferred from their conduct, and the corporation will be bound thereby.

2. The court has no power to enter judgment for the defendant *n. o. v.* where there is sufficient evidence to support a verdict for the plaintiff in any amount.

3. Plaintiff's evidence showed that A, B and C, president, vice-president and secretary of the defendant corporation, assuming to represent it, had employed plaintiff as its sales agent, he to receive a commission of 20 per cent. on all sales made by him of its product; that all the members of the board of directors knew of his employment and acquiesced therein; that plaintiff, in reliance upon the contract, had procured many orders for the corporation's product and had expended considerable money in so doing; that defendant notified him to cancel all such orders; that he thereupon immediately demanded, in writing, payment of expenses incurred, aggregating $465, and that thereupon A, B and C, assuming to act for the corporation, agreed to pay the claim. There was some testimony on behalf of defendant to the effect that it objected, not to the whole claim, but only to certain items. The jury rendered a verdict for plaintiff in the sum of $355. On rule for judgment *n. o. v.*, it was contended that the officers had no authority to bind the corporation, and that the verdict should either have been for $465 or for defendant: *Held*, that neither contention could be sustained, and that the rule should be discharged.

Motion by the defendant for a new trial and for judgment *n. o. v.*  C. P. Westmoreland Co., May T., 1923, No. 88.

*Richard D. Laird*, for plaintiff; *Carrol Caruthers*, for defendant.

WHITTEN, J., May 10, 1924.—The board of directors of the defendant company was composed of five members. Moreman was president, Beach was secretary and Pekich was vice-president. These three directors, with the knowledge of, and without objection from, the other members, transacted the business of the company.

There was ample proof—though denied to some extent by defendant's witnesses—that the president, secretary and vice-president, assuming to represent the defendant, employed the plaintiff as its sales agent, the plaintiff to receive a commission of 20 per cent. on all sales made by him of the product of defendant's factory; and that all of the members of said board of directors had knowledge of such employment and acquiesced therein; that after the plaintiff, relying on the faith of his contract with the defendant, had procured many orders for the sale of the defendant's product, and had expended considerable time and money in so doing, the defendant notified plaintiff to cancel all such orders; that the plaintiff, being thus deprived of the commissions thus earned as defendant's sales agent, immediately made demand in writing of the defendant for the payment of certain expenses, aggregating $465, alleged to have been incurred by plaintiff while acting as defendant's sales

agent; and that after the receipt by the defendant of such written demand, Moreman, president, Beach, the secretary, and Pekich, vice-president thereof, assuming to represent the defendant, agreed to pay the plaintiff said bill of expenses.

The jury found a verdict in favor of the plaintiff for $355 of the $465 claimed by the terms of the alleged settlement.

The sufficiency of the proof as to the authority of Moreman, president, and Pekich, vice-president, to negotiate the alleged settlement with the plaintiff is practically the only question of law involved.

It was not shown that there was any formal action by the board of directors authorizing the president, secretary, vice-president or any other person to transact the business of the company, but it was shown that the business of the company had been conducted by the president, secretary and vice-president, and that the other directors acquiesced therein. Nor does it appear that the company ever adopted any by-laws.

The proofs show that the president, secretary and vice-president made the original contract employing the plaintiff as defendant's sales agent, and caused stationery to be printed, designating plaintiff's office in Pittsburgh as the sales office of the defendant company; that this fact was known to the members of the board of directors; and that the defendant accepted the benefit of contracts made by plaintiff by filling orders secured by him pursuant to his employment as such sales agent. (Testimony, page 27.)  "Aside from the position as presiding officer of the board of directors and of the stockholders when convened in general meeting, the president of a corporation has, by virtue of his office merely, no greater power than that of a director.  Whatever authority he has must be expressly conferred by statute, charter, by-laws or the board of directors, or be implied from express power granted, usage or custom or the nature of the company's business.  He may be, and frequently is, made the chief executive officer of the company and invested with broad, general powers of management and superintendence:" 14-a Corpus Juris, 94.

"The office of general manager is of broader import than that of president. The fact that a person having an active conduct of the business of a corporation is also its president does not operate as a limitation upon the powers usually exercised by its general agents or managers.  This authority is not limited to that possessed by virtue of his office as president, but is incidental to the management of its business:" 14-a Corpus Juris, 95.

"If a president of a company be in the habit of acting as its business agent, with its knowledge and without objection, making sales, settling accounts and collecting debts, actual authority may be inferred from such acts and the company would be bound by them:" Dougherty v. Hunter, 54 Pa. 380.

"Where a person has been in the habit of acting as the business agent of a corporation, with its knowledge and without objection, actual authority may be inferred from his acts and the company will be bound by them:" Culver v. Pocono Spring W. I. Co., 206 Pa. 481.

Even where the by-laws of a corporation limit the authority of the president, yet if the entire management and control of a corporation has been allowed to pass into the hands of such officer, who executed notes in its name, it may be estopped from denying liability thereon, and a verdict for the amount of the notes based upon evidence to show these facts would be upheld: Hartzell v. Ebbvale Mining Co.,239 Pa. 602.

On the other hand, the president of a business corporation has no authority, as such, to bind the corporation in relation to the general conduct of its business affairs: Bangor Ry. Co. v. American Bangor Slate Co., 203 Pa. 6.

Perkosky v. Keystone Facing Mills Company.

In the instant case, the clear weight of the evidence shows that upon the cancellation of the orders which the plaintiff had procured, relying upon the faith of his employment as defendant's sales agent, the plaintiff had a just claim against the defendant for some compensation by reason of the defendant's cancellation of such orders. Under the circumstances, did the defendant's president, vice-president and secretary have actual, implied or apparent authority to settle and adjust the plaintiff's claim?

Undoubtedly, the jury was warranted in finding that the directors of the defendant company acquiesced in the employment by defendant's president, secretary and vice-president of the plaintiff as its sales agent, and accepted benefits therefrom.

If plaintiff's employment as defendant's sales agent had not been canceled by the defendant, and if the defendant had filled all of the orders secured by the plaintiff, the defendant would not be permitted to repudiate plaintiff's claim for commissions.

In other words, the proofs warranted a finding by the jury that the president, secretary and vice-president were the defendant's agents for the purpose of employing agents to sell its product.

The defendant offered no proof that the alleged settlement of plaintiff's claim, in lieu of commission, was improvident or excessive in amount, or that the amount of such settlement was in excess of the commissions which plaintiff could have recovered if no settlement had been made.

If no settlement had been made, and if the plaintiff had brought suit—in affirmation of his employment as defendant's sales agent—for his commissions upon the orders procured for the defendant's product, the evidence produced in this case touching his right to recover such commissions would have carried the case to the jury.

Therefore, the only issue is whether, in the circumstances, the president, vice-president and secretary had authority to negotiate the alleged settlement with the plaintiff. This question was submitted to the jury in a charge to which defendant made no complaint, except that a point for binding instructions to find a verdict for the defendant was refused.

The jury must have found that the alleged settlement between the plaintiff and the defendant, to the extent of $355, was duly made and authorized by the defendant.

Defendant's learned counsel contends that the jury was bound to award the plaintiff the entire sum of $465. claimed as the agreed amount, or to award the plaintiff nothing. In view of the testimony of defendant's witnesses (Moreman, pages 41-43-44, and Beach, page 48) that they objected only to the payment of certain items of plaintiff's claim, the jury was justified in finding that the defendant's agents had agreed to pay items of plaintiff's expense account to the extent of $355, and no more.

The court has no authority to enter judgment for a defendant n. o. v. where there is sufficient evidence to support a verdict for the plaintiff in any amount. In other words, the court has no power to invade the province of the jury.

"Under the Act of April 22, 1905, P. L. 286, which gives the court authority to enter judgment non obstante veredicto where a request for binding instructions has been declined at the trial, the court cannot enter judgment against the verdict where there was a conflict of evidence on material fact or any reason why there could not have been a binding direction:" Dalmas v. Kemble, 215 Pa. 410.

"The Act of April 22, 1905, P. L. 286, makes no radical change in the law or the relative functions of the court and jury, but broadens the power of the

court and authorizes it, where binding instructions have been declined at the trial, to enter such judgment as should have been entered upon the evidence. If it appear that there is a conflict of evidence on a material fact or any reason why there cannot be a binding direction, there can be no judgment entered against the verdict. However indisputable may be the proof, where it depends upon oral testimony, it is, nevertheless, the province of the jury to decide:" Duffy v. York Haven Water and Power Co., 233 Pa. 107.

"In determining the propriety of a judgment n. o. v., the controlling question is, would binding instructions for the defendant have been proper at the end of the trial; and in deciding that point, the evidence must be read in the light most favorable to the plaintiff, the latter being given the benefit of every fact and inference of fact pertinent to the issue involved which may legitimately be drawn from the evidence:" Smith v. Standard Steel Car Co., 262 Pa. 550.

In the instant case there was evidence that the sale of the defendant's product was delegated to the president, secretary and vice-president; that the plaintiff was employed by such officers to sell its product; that the president of the defendant company took a leading part in the employment of the plaintiff; and that all the directors had knowledge of plaintiff's employment and acquiesced therein.

It is undisputed that the defendant accepted and filled orders secured by the plaintiff for three cars of defendant's product, and that plaintiff's commission for the sale of two of these cars was not included in the alleged settlement on account of orders which the defendant canceled.

Under any aspect of the case, it would have been error not to submit to the jury the plaintiff's claim for commission for the sale of the two cars of defendant's goods. Therefore, in any event, the defendant was not entitled to demand binding instructions in its favor, and judgment n. o. v. could not be entered.

In the instant case the contract was oral. "The fact of the agency and the scope of the power of an agent are questions for a court where the authority is created by an instrument in writing; but when such authority is to be implied from the conduct of the parties, or where the agency is to be established by witnesses, the fact and scope of the agency are for the jury:" Singer Manuf. Co. v. Christian, 211 Pa. 534. See, also, American Car and Foundry Co. v. Water Co., 218 Pa. 542; Anderson v. National Surety Co., 196 Pa. 288.

Even when a corporation accepts the benefit of a contract made by its promoters prior to the date of its charter, the corporation must assume the burden of such contract: Beltz v. Garrison, 254 Pa. 145; Girard v. Case Bros., 225 Pa. 327.

"An agreement by an agent of a corporation, made in the course of the business intrusted to him, is binding on the corporation, although in excess of his instructions:" Adams Express Co. v. Schlessinger, 75 Pa. 246. See, also, Faiola v. Calderone, 275 Pa. 303.

In Adams Express Co. v. Schlessinger, 75 Pa. 246, the court (page 256) say: "Corporations act through agents. The public is not informed as to the specific and private instructions which may be given to them limiting their ostensible powers. A just protection to persons dealing with corporations imperatively requires that the act of an agent, within the scope of the business with which he is entrusted, shall bind the company, although the specific act may be in excess of his private instructions."

"A principal is bound by all the acts of his agent within the scope of the authority which he held him out to the world to possess, notwithstanding the

Perkosky v. Keystone Facing Mills Company.

agent acted contrary to instructions:" Brooke v. N. Y., L. E. & W. R. R. Co., 108 Pa. 529. See, also, Thompson v. Barrow, 81 Pa. Superior Ct. 216.

The logic of the verdict was that the president, vice-president and secretary of the defendant company were its authorized agents to sell its product and to employ the plaintiff to make such sales; and that, in the circumstances, it was within the scope of the agency of the same officers to settle and adjust plaintiff's claim for compensation for the making of such sales, and that such officers did settle and adjust plaintiff's claim for $465 at the sum of $355.

The court holds that the proof of the authority of defendant's agent to negotiate the alleged settlement with the plaintiff was sufficient to carry this item of plaintiff's case to the jury.

## Decree.

And now, May 10, 1924, after argument of counsel, and upon due consideration, the defendant's motion for a new trial is denied, and defendant's motion for judgment n. o. v. is overruled, and the prothonotary is directed to enter judgment upon the verdict upon payment of the jury fee.

From William S. Rial, Greensburg, Pa.